## HUTTON *v.* SCHUMAKER *et al.*

THE mere inclosure of a lot with brush fence from two to three feet high, without any other steps being taken to subject the property to any use, is not sufficient evidence of ownership or right of possession in the plaintiff to sustain ejectment against one subsequently entering upon the premises.

Per NORTON, J.—What acts done upon land will constitute such a possession as will enable a party to maintain an action of ejectment against one afterward entering, may depend upon the intent with which such acts were done, to be gathered from the acts themselves and other surrounding circumstances.

APPEAL from the Fifteenth Judicial District.

Ejectment to recover a lot in the town of Oroville, one hundred feet front by one hundred and thirty-two feet in depth. The complaint averred ownership and a right to the possession in January, 1859, and on ouster subsequently by the defendants. The answer denied plaintiff's ownership, and averred that defendants and those through whom they claimed, had been the owners and in possession since April, 1856. On the trial, which was before the Court without a jury, plaintiff proved that in September, 1855, one Lyons, from whom he had since purchased, took up the lot which was then vacant, and cleared off some brush from it, and put round it a brush fence some two or three feet in hight. The evidence also showed that the fence had one or two gaps in it, and that no other improvements were ever put upon the lot by Lyons or plaintiff and that they never used the lot for any purpose whatever ; that in the spring of 1856 defendants entered, and have since put up valuable improvements on the premises. It was shown that after defendants entered, they were notified by Lyons that he claimed the lot.

On motion of defendants, the Court entered a judgment of nonsuit. Plaintiff moved for a new trial, which was denied, and from this order and the judgment he appeals.

*H. O. & W. H. Beatty,* for Appellant.

*Hereford & Williams,* for Respondents.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

The plaintiff avers in his complaint that in January, 1859, he was the owner and entitled to the possession of the premises in controversy, and in support of this averment proved on the trial that the parties through whom he traces title, in September, 1855, inclosed the premises with a brush fence from two to three feet in hight.   No proof was offered that the plaintiff or his grantors ever subjected the premises to any uses whatever ; and, on motion of the defendants, the Court ordered a nonsuit.

The mere inclosure of a lot with a fence of this character, without any other steps being taken to subject the property to any use, is not sufficient evidence of ownership or right of possession in the plaintiff to sustain ejectment against one subsequently entering upon the premises.   The nonsuit was therefore properly granted.

Judgment affirmed.

NORTON J.—What acts done upon land will constitute such a possession as will enable a party to maintain an action of ejectment against one afterwards entering, may depend upon the intent with which such acts were done, to be gathered from the acts themselves and other surrounding circumstances.

To maintain an averment that the plaintiff was the owner and entitled to the possession of the premises in question in January, 1859, he proved that another person, under whom he claimed, had, more than three years before that date, built a brush fence from two to three feet high, and having one or two gaps in it, around the premises.   I think it cannot be said that, in the absence of any other proof, it was error in the Court to hold that the proof did not sustain the averment, and, in consequence, to nonsuit the plaintiff.